899 F.2d 15
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James STOUT; Karen Stout, Plaintiffs-Appellants,
v.
MONTGOMERY WARD; Maycor Company, Defendants-Appellees.
 No. 89-5993.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1990.
 
 Before WELLFORD and RYAN, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiffs, James and Karen Stout, filed this action for defective manufacture of a refrigerator in state court against the defendants, Montgomery Ward Company (the seller of the refrigerator) and Maycor Company (the manufacturer), claiming that the refrigerator at issue was the cause of a fire which damaged the home of the plaintiffs. The defendants then removed this action to federal district court. Subsequently, defendants filed a motion for summary judgment which was unopposed by the plaintiffs. The district court granted the motion in a written memorandum opinion, concluding that the plaintiffs had failed to establish causation. The plaintiffs then filed an untimely motion in opposition to the defendants' motion for summary judgment, which the district court treated as a motion to alter or amend the judgment or a motion for relief from the judgment. The court denied the plaintiffs' motion, concluding that the plaintiffs had failed to rebut the defendants' motion for summary judgment. From that adverse determination, the plaintiffs appealed to this court.
 
 
 2
 In August or December of 1985, the plaintiffs purchased a refrigerator from Montgomery Ward. The refrigerator was manufactured by Maycor. On March 17, 1987, a fire broke out at the plaintiffs' residence during the day when no one was home. They claim that the cause of the fire was the refrigerator or its motor. The damaged parts involved, unfortunately, were disposed of and not available to plaintiffs.
 
 
 3
 We AFFIRM the decision of the experienced Kentucky district court judge, who analyzed Kentucky law and applied it to the essentially uncontested facts. Plaintiff's counsel conceded that he had pled only negligence or defective manufacture of the appliance in question. For the reasons stated by the district court, we AFFIRM the award of summary judgment for defendants.